Nicholas M. Pette, J.
This is an application to stay arbitration.
The “ demand fob abbitbation ” served by respondent Chalek delineates three disputes that are claimed to have arisen out of *753 a partnership agreement dated July 18, 1961, which contains the following arbitration clause: “23. Any controversy or claim arising out of or relating to this contract or the breach thereof shall be determined by arbitration in New York City in accordance with the rules then obtaining of the American Arbitration Association and judgment upon any award rendered in such arbitration proceeding may be entered in any Court of the State of New York having jurisdiction thereof.”
Petitioner, in support of his application argues that the disputes delineated in the demand are not subject to arbitration because (a) the terms of the partnership agreement dated July 18, 1961, and the agreement dated March 9, 1962, between the original and additional partners, are unambiguous and can permit of only one interpretation; (b) the afore-mentioned agreements may not be interpreted by the arbitrator unless they “ specifically permitted resort to arbitration for interpretation ” and (c) the arbitration sought would include the agreement dated May 23, 1961, which agreement nowhere provides for arbitration.
In the opinion of the court, petitioner’s contentions are without merit. Whether an arbitrable dispute exists must be determined by the court, as a matter of law. (Matter of New York Mirror [Potoker], 5 A D 2d 423.) While a dispute is not arbitrable if it is grounded on an asserted interpretation of the contract which is contrary to the unambiguous provisions thereof (Matter of General Elec. Co. [United Elec. Radio & Mach. Workers], 300 N. Y. 262), the disputes here involved do not fall within this category and are not deemed frivolous. Insofar as the interpretation of contracts are concerned, “ [o]nce it be ascertained that the parties broadly agreed to arbitrate a dispute ‘ arising out of or in connection with ’ the agreement, it is for the arbitrators to decide what the agreement means and to enforce it according to the rules of law which they deem appropriate in the circumstances (Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329, 334.) Petitioner is, of course, correct in his contention that the agreement dated May 23, 1961, may not form the basis for arbitration. However, the relevancy of that agreement to the disputes arising under the partnership agreement dated July 18,1961, is for the arbitrator to determine.
Accordingly, the motion to stay arbitration is denied and the petition dismissed. The parties are directed to proceed to arbitration in accordance with the terms of the arbitration clause as above quoted.